DARRYL A. PHELPS,

                              Plaintiff,

-vs-                              DECISION & ORDER
                                              94-CV-7543-CJS

N. KAPNOLAS, *et al*,

                              Defendants

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | Darryl A. Phelps 98-A-3370 |
| | Mid-State Correctional Facility |
| | P.O. Box 216 |
| | Marcy, NY 13403-0216 |
| For Defendants: | New York State Attorney General's Office |
| | 144 Exchange Boulevard, Suite 200 |
| | Rochester, New York 14614 |

**INTRODUCTION**

This is a closed case, originally brought by Plaintiff pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion (Docket No. 140) which he appears to label as one seeking either costs pursuant to 28 U.S.C. § 1920, a judgment pursuant to Federal Rule of Civil Procedure 54(d), or *in forma pauperis* status pursuant to 28 U.S.C. § 1915. In actuality, however, the Court determines that the motion seeks reconsideration of the Court's prior reconsideration of its prior Decision and Order granting Defendants summary judgment. For the reasons stated below, Plaintiff's motion is denied and the Court orders Plaintiff to show cause why he should not be sanctioned.

## BACKGROUND

The factual and procedural background of this case was set forth in this Court's Decision and Order (Docket No. 126), filed on June 1, 2005, and will not be repeated here. In that Order, the Court granted Defendants' motion for summary judgment, after finding that, *inter alia*, Plaintiff had failed to establish both the subjective and objective elements of his Eighth Amendment claim, and that, in any event, Defendants were entitled to qualified immunity. Judgment was entered against plaintiff (Docket No. 127) on June 7, 2005, and on June 9, 2005, Plaintiff filed a Notice of Appeal (Docket No. 128) to the United States Court of Appeals for the Second Circuit. Subsequently, on September 2, 2005 (Docket No. 132), this Court filed a decision and order denying Plaintiff's post-judgment motion for partial summary judgment (Docket No. 130), and, on February 21, 2006, the Second Circuit dismissed Plaintiff's appeal in an Order entered in this Court's docket (Docket No. 134). Then, on June 11, 2009, Plaintiff moved for reconsideration (Docket No. 135), which the Court denied in its Memorandum and Order entered on July 31, 2009 (Docket No. 138). On October 7, 2009, the Court entered a Letter Order that stated:

> I am in receipt of your letter and motions under Federal Rules of Civil Procedure 54(d) and (e), 60(b), and 68 dated August 30 and 31, 2009. Please note that since Judgment was entered for the defendants on June 7, 2005, and your appeal was dismissed by the U.S. Court of Appeals for the Second Circuit in a mandate filed on August 19, 2005, this Court no longer has jurisdiction to entertain motions on this case of the type you sent. Accordingly, your documents are being returned to you with this letter.
>
> You have also sent a motion for a stay under Rule 62. Your motion, however, does not allege that the defendants are presently engaged in enforcing their judgment. Moreover, the judgment only dismissed the complaint against them, and did not award money damages or injunctive relief to them. Further, the docket does not show that they have asked the Clerk to bill costs to you under 28 U.S.C. § 1920. Therefore, even if a motion under Rule 62 were filed, there would be nothing to stay.

> Finally, you have also sent a motion to amend the judgment pursuant to Rule 59. As your motion paper states, however, the rule sets a ten-day limit on filing as measured from the date of entry of judgment, which in your case was over four years ago. Furthermore, as is the case with your Rule 62 application, your Rule 59 motion is nothing more than a recitation of the statutory language.
>
> I direct you not to file any further inappropriate motions in the above-referenced action. If you do so, I will consider imposing sanctions against you.
>
> SO ORDERED.

(Letter Order, *Phelps v. Kapnolas*, No. 94-CV-7543-CJS (W.D.N.Y. Oct. 7, 2009).)

## STANDARDS OF LAW

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided. *Id*.

Because Plaintiff's motion was not "served within ten (10) days after the entry of the court's determination of the original motion" for summary judgment, this Court treats the reconsideration motion as filed under Rule 60(b), rather than Rule 59(e), of the Federal Rules of Civil Procedure. *See Briller v. Barnhart*, No. 04 Civ. 3649(RWS), 2006 WL 118367, at *1 n.1 (S.D.N.Y. Jan. 16, 2006) (treating pro se plaintiff's reconsideration motion as filed pursuant to Rule 60(b) rather than Rule 59(e), where reconsideration motion was filed more than ten days after entry of court's determination of original motion.). The law governing relief under Rule 60(b) is as follows:

> Rule 60(b) is designed to strike a balance between serving the ends of justice and preserving the finality of judgments. A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances. In addition to demanding that the movant show exceptional circumstances, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result.

*Freedom, N.Y., Inc. v. United States*, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006) (citations and internal quotations marks omitted). *See also Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (observing that Rule 60(b) "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened") (citation omitted). As the Second Circuit observed in *Brown v. Enzyme Dev., Div. of Biddle Sawyer Corp.*, 09-0169-cv, 2010 U.S. App. LEXIS 11704 (2d Cir. Jun. 9, 2010):

> Rule 60 generally requires that a motion for relief be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Motions under Rule 60(b)(1), however, are among those subject to a more specific time limit of one year from the entry of judgment. *See id*. This time limit is "'absolute.'" *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (quoting 12 James Wm. Moore, Moore's Federal Practice § 60.65[2][a], at 60-200 (3d ed. 1997)).

*Brown*, 2010 U.S. App. LEXIS 11704, at *2.

## DISCUSSION

In an affidavit submitted with his motion papers, Plaintiff recites portions of Federal Rule of Civil Procedure 54(d):

> (d) [C]*osts* [*Other Than*] *Attorney's Fees*. [Unless] a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 1[4] days' notice. On motion served within the next 7 days, the court may review the clerk's action.
>
> (2) Attorney's Fees.
>
> (A) Claim to Be by Motion…. [sic]

>    (B) Timing and Contents of the Motion.… [sic]
>
>    (C) Proceedings.… [sic]
>
>    (D) Special Procedures by Local Rule; Reference to a Master or a Magistrate Judge.… [sic]
>
>    (E) Exceptions.…[sic]

(Phelps Aff (Docket No. 140), at 1.[1]) His affidavit ends with, "Wherefore, Pray For Relief Just and Proper." (*Id.*) Plaintiff also attached a memorandum of law[2] in which he recites synopses of case law with regard to costs. He ends his one-page memorandum with the same prayer for relief as was contained in his affidavit. Finally, he submits what he labeled as "Table of Contents Submitted Already Table of Authorities."[3] In that paper, he re-argues the summary judgment decision the Court entered in 2005 and on which the Second Circuit dismissed his appeal. The Court construes this paper as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Other than reciting that, "[m]otion for relief from judgment based on fraud may be made anytime on fraud on the court," Plaintiff provides the Court with no basis for raising these arguments, especially in light of the Court's prior post-judgment Orders. He does not actually allege that any fraud influenced the judgment in this matter. Therefore, there is no basis for reconsideration. Further, Plaintiff was not a prevailing party, and he has already been granted *in forma pauperis* status. The present application (Docket No. 140) is filed more than five years after the Court's entry of judgment, and two months after the Court's Memorandum and Order

---

[1] Plaintiff's affidavit is included in the same docket filing as his notice of motion. The affidavit starts at page 7 of 14 pages in the Portable Document Format version.

[2] Plaintiff's memorandum of law begins on page 8 of 14 in the Portable Document Format version.

[3] The Table of Contents starts at page 9 of 14 in the Portable Document Format version.

(Docket No. 138) denying Plaintiff's motion (Docket No. 135) for reconsideration filed on June 11, 2009.

Plaintiff was forewarned about filing additional inappropriate motions. The Court finds the instant motion (Docket No. 140) to be inappropriate, in that it is baseless, and the Court further finds that Plaintiff understood that when he filed the application. *Cf. Maduakolam v. Columbia University*, 866 F.2d 53, 56 (2d Cir. 1989) (sanctions not imposed on *pro se* litigant since court determined that he did not know, nor should he have knows "that his 'motion to reopen case' was time-barred."). This Court's Memorandum and Order entered on July 31, 2009, specifically quoted Federal Rule of Civil Procedure 59 and concluded that his motion, brought almost *one year ago*, was untimely: "'A motion for a new trial or to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment.' Fed. R. Civ. P. 59(b), 59(e) (2009). The present motion (Docket No. 135) is clearly untimely." (Memorandum and Order, *Phelps v. Kapnolas*, No. 94-CV-7543-CJS (W.D.N.Y. Jul. 31, 2009).) The Court cannot understand how Plaintiff thought bringing a motion for essentially the same relief would now be timely.

## CONCLUSION

Plaintiff's application is denied in its entirety. Accordingly, it is hereby,

ORDERED, that Plaintiff shall show cause not later than August 15, 2010, by submitting an affidavit in writing to the Court stating why he should not be sanctioned for disobeying the Court's Letter Order directing him not to file any further motions in this matter; and it is further

ORDERED, that if Plaintiff fails to respond, the Court will impose sanctions on Plaintiff; and it is further

ORDERED, that no further post-judgment motions be filed in this case, other than at the direction of the Court.

IT IS SO ORDERED.

Dated: July 20, 2010
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge